UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LOUIS CARL JEMISON, III, | ) | CASE NO. 1:09 CV 844 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DETECTIVE JAMAL ANSARI, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On April 14, 2009, pro se plaintiff Louis Carl Jemison, III filed the above captioned

action against Cleveland Police Detective Jamal Ansari, Cleveland Police Detective Elbin Negron,

Drug Enforcement Administration Detective Lee Lucas, United States District Court Magistrate

Judge Nancy Vecchiarelli, and United States Deputy Marshal Tony Gardner.  In the complaint,

plaintiff appears to allege he was unfairly prosecuted on drug charges. He does not specify the relief

he seeks.

**Background**

Mr. Jemison's complaint is completely devoid of factual allegations.  It is comprised

entirely of legal rhetoric.  He contends that on August 11, 2006, Detectives Ansari and Negron:

> did conspire to injure, opress [sic], threaten or intimidate plaintiff in
> the free exercise or enjoyment of his right(s) or privilege(s) secured
> to him by the Constitution or the laws of the United States, or his

having so exercised his right to do the same and did knowingly and willfully conceal by scheme or trick a material fact/fact(s); make materially false, fictitious or fraudulent statement(s) or representation(s); or make or use a false writing or document knowing the same to contain materially false, fictitious or fraudulent statement(s) or entry(ies) in violation of Title 18 U.S.C. §§ 241, 1001a(1), (2), and (3).

(Compl. at 2). He states that on August 31, 2006, Detective Ansari and Agent Lucas unlawfully kidnaped him and held him "with the intent of plaintiff being sold into involuntary servitude, or brought plaintiff in the United States so held in violation of Title 18 U.S.C. §§1201a(2), 1583 and 1584." (Compl. at 2.) Finally he declares that on February 28, 2007 Magistrate Judge Vecchiarelli:

did conspire to injure, opress [sic], threaten or intimidate plaintiff in the free exercise or enjoyment of his right(s) or privilege(s) secured to him by the Constitution or the laws of the United States, or his having so exercised his right to do the same and did knowingly and willfully conceal by scheme or trick a material fact/fact(s); make materially false, fictitious or fraudulent statement(s) or representation(s); or make or use a false writing or document knowing the same to contain materially false, fictitious or fraudulent statement(s) or entry(ies) in violation of Title 18 U.S.C. §§ 241, 1001a(1), (2), and (3).

Although there are no other allegations in the Complaint, the attachments to the pleading reveal that Mr. Jemison is currently incarcerated in a federal prison on a drug conviction. He was arrested by Cleveland Detectives Ansari and Negron on June 23, 2006 for possession with intent to distribute cocaine. He was indicted by a federal grand jury on August 22, 2006, and was arrested by United States Deputy Marshal Tom Gardner on a warrant issued by Magistrate Judge Vecchiarelli on August 30, 2006. Mr. Jemison was convicted by a jury on drug and weapons charges on February 13, 2007. He was sentenced to 240 months imprisonment followed by eight years of supervised release.

2

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

As an initial matter, Mr. Jemison's complaint contains only vague conclusory allegations that the defendants violated unspecified civil rights and various federal criminal statutes. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

Moreover, even if the Court were able to find a viable claim that met federal notice pleading requirements, this action could not proceed. A prisoner may not raise claims in a civil action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S.

---

[1]    An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). It appears Mr. Jemison is attempting to attack his conviction by bringing a civil action against the individuals involved in his arrest and prosecution. He does not allege his continued confinement has been declared invalid by either an Ohio state court or a federal habeas corpus decision, and his claims must therefore be dismissed.

Finally, Magistrate Judge Vecchiarelli is absolutely immune from suits for damages arising from her actions as a judicial officer. Judicial officers are provided with immunity to ensure the independent and impartial exercise of their judgment is not impaired by the exposure of potential damages. . Mireles v. Waco, 502 U.S. 9, 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed when the Judge is performing her duties as a judicial officer; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction of the court over which she presides. Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d at 1116. Plaintiff alleges no facts to show that either of these criteria has been met in this case. There are no allegations in the complaint which plausibly suggest the claims against Magistrate Judge Vecchiarelli are based on anything other than her signature on his federal arrest warrant. She was clearly acting as a judge at the time she signed the warrant, and the United States District Court for the Northern District of Ohio has subject matter jurisdiction to issue arrest warrants pursuant to federal indictments. Magistrate Judge Vecchiarelli is therefore entitled to absolute immunity from damages.

4

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

_Donald C. Nugent_
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: _August 10, 2009_

---

[2]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.